BORSCHOWA et ux,
*Respondents,*

*v.*

SONNEN et ux,
*Appellants.*

(85-0291; CA A38641)

740 P2d 247

Asa L. Lewelling, Salem, argued the cause and filed the brief for appellants.

Norman F. Webb, Salem, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

**DEITS, J.**

Plaintiffs Borschowa brought this action, claiming title by adverse possession to a strip of land used predominantly as a roadway. The trial court held that plaintiffs had established title by adverse possession and that defendants did not acquire a prescriptive easement. We affirm.

The property which is the subject of this dispute consists of a strip of land approximately 20.72 feet wide, which runs approximately 400 feet east along the south border of defendant's property and is within the legal description of defendant's deed. The property south of the strip is owned by a third person, Workman, who is not a party to this action. At the east border of Workman's property, the roadway turns south and provides access to plaintiffs' property. The roadway has been in existence since at least 1938, when plaintiffs' property was owned by Mrs. Borschowa's grandfather. He transferred the property to her parents in 1940, and Mrs. Borschowa gained title on her mother's death in 1965. Plaintiffs began living on the property in 1970.

The strip includes a roadway, which is approximately 11 feet wide, and a three-foot wide ditch at the southern edge of the strip, with the remainder of the property consisting of grasslands. A fence was located on the northern edge of the strip from at least 1940 until defendants removed it shortly before plaintiffs filed this action. Until the fence was removed, plaintiffs and their predecessors treated the entire strip as their own property. The road was used regularly by their predecessors and their invitees. They maintained the road and posted "Private Driveway" signs. In 1971, they widened, graded and graveled it. Plaintiffs and their predecessors also used and maintained the grassy portion of the property. They regularly mowed the grass and pastured cattle and horses on the property. Defendants' predecessors in interest did not protest plaintiffs' predecessor's maintenance or use of any portion of the property. Defendants' predecessors even requested and were denied permission to use the road.

Defendants argue that, although plaintiffs may have a prescriptive easement in the 11-foot roadway, the trial court erred in holding that plaintiffs had obtained title by adverse possession to the entire 20-foot strip. On *de novo* review, we find that plaintiffs' use of the property was that which would

be expected of an owner under the circumstances and hold that plaintiffs did establish title to the entire 20-foot strip.

Defendants also assign error to the trial court's denial of their right to use the road in common with plaintiffs. They argue that the evidence shows that they and their predecessors used the roadway for over 20 years, and so they are entitled to a prescriptive easement. *See Feldman v. Knapp,* 196 Or 453, 250 P2d 92 (1952). After this dispute began, defendants began to move heavy equipment over the road. However, their use before that time was negligible, and their predecessor's use was only occasional. Their predecessor, in fact, built a fence along the northern edge of the disputed strip and did not object to plaintiffs' treatment of the entire strip as their exclusive property. Defendants did not establish a continuous and uninterrupted use of the roadway which could create a prescriptive easement in their favor.

Affirmed.